UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PERKINS, | No. 2:13-cv-0931 AC P |
| Petitioner, | |
| v. | ORDER |
| GARY SWARTHOUT, Warden, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to the jurisdiction of the undersigned. ECF No. 4.  Petitioner was convicted of second degree murder and sentenced in 1989 to a term of sixteen years to life with the possibility of parole.  He challenges an October 2011 decision of the Board of Parole Hearings, denying him parole.  Petitioner first contends that the record does not contain "some evidence" to support a finding that he will pose an unreasonable risk of danger to society if paroled.  Second, he claims that he is constitutionally entitled to a set release date because clear and convincing evidence established that a more lengthy period of incarceration is not necessary.  Third, he argues that the current version of Cal. Pen. Code § 3042.5 (b)(3) violates the state and federal prohibition of state and federal ex post facto laws.  See Petition.

With respect to Claim One, the United States Supreme Court in 2011 overruled a line of Ninth Circuit precedent that had supported habeas review of parole denials in California cases.

1

1   See Swarthout v. Cooke, 131 S.Ct. 859, 861 (2011).  The Supreme Court held that federal habeas
2   jurisdiction does not extend to review of the evidentiary basis for state parole decisions.  Because
3   habeas relief is not available for errors of state law, and because the Due Process Clause does not
4   require correct application of California's "some evidence" standard for denial of parole, federal
5   courts may not intervene in parole decisions as long as minimum procedural protections are
6   provided.  Id. at 861-62.  The Ninth Circuit has acknowledged that after Swarthout, substantive
7   challenges to parole decisions are not cognizable in habeas.  Roberts v. Hartley, 640 F.3d 1042,
8   1046 (9th Cir.2011).   Accordingly, Claim One must be dismissed.

9   Claims Two and Three involve the application of "Marsy's Law" (Proposition 9).  Under
10  Marsy's Law, the minimum deferral period between parole hearings was increased from one to
11  three years, and the maximum deferral period from five to fifteen years.  Gilman v.
12  Schwarzenegger, 638 F.3d 1101, 1104 (9th Cir.2011).  Hearings in advance of this schedule can
13  be held at the discretion of the Board of Parole Hearings, or at the request of a prisoner (although
14  the inmate is limited to one such request every three years).  Id. at 1105.

15  Petitioner's challenge to Marsy's Law does not state a claim that can be remedied in
16  federal habeas.  The Ninth Circuit has reversed the grant of a preliminary injunction against
17  enforcement of Marsy's Law, holding that plaintiffs (in a class action brought by prisoners
18  serving life sentences with a possibility of parole) were unlikely to prevail on the merits of their
19  claim that Marsy's Law violates the Ex Post Facto Clause.  Id.  Gilman's holding that the
20  plaintiffs in that case were unlikely to prevail on the merits compels a finding that the state
21  courts' rejections of petitioner's Marsy's Law claim was not unreasonable.  Petitioner thus cannot
22  obtain habeas relief on these claims.  See 28 U.S.C. § 2254(d) (a district court may not grant a §
23  2254 petition unless the state court's adjudication of the claim: "(1) resulted in a decision that was
24  contrary to, or involved an unreasonable application of, clearly established Federal law, as
25  determined by the Supreme Court of the United States; or (2) resulted in a decision that was based
26  on an unreasonable determination of the facts in light of the evidence presented in the State court
27  proceeding.").  Claims Two and Three therefore must be dismissed.
28  ////

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth herein, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is dismissed.

2. No certificate of appealability shall issue.

DATED: August 27, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
perk0931.prl

3